**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4015**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RAYMOND HERSMAN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:13-cr-00002-1)

———————

Submitted:  August 29, 2014      Decided:  September 9, 2014

———————

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas J. Gillooly, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Hersman was convicted by a jury of possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and he was sentenced to a 240-month imprisonment term. On appeal, Hersman argues that the district court erred by failing to suppress evidence obtained via a search warrant that he claims is constitutionally defective. The district court held that, even if the warrant is defective, the good-faith exception to the exclusionary rule established in United States v. Leon, 468 U.S. 897 (1984), applies. We affirm.

When considering the denial of a suppression motion, we review de novo the district court's legal conclusions, and we review its factual findings for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the Government prevailed on the suppression issue below, we construe the evidence in the light most favorable to the Government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

We proceed directly to Hersman's challenge to the district court's application of the good-faith exception. See United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009) (addressing challenge to district court's application of good-faith exception without first considering validity of search warrant). When an officer acts with objective good faith within

2

the scope of a search warrant issued by a magistrate, suppression of the evidence obtained by the officer does not serve the exclusionary rule's deterrence objective because the officer has attempted to comply with the law.  United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004).  Accordingly, evidence obtained pursuant to a search warrant should not be suppressed unless, among other circumstances not relevant here, the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid.  Id.

Applying the foregoing standards to the facts of this case, we hold that the district court did not err by finding the good-faith exception to the exclusionary rule to be applicable. The officers in this case could have reasonably presumed that the warrant is valid and, therefore, any possible constitutional defects in the warrant do not require exclusion of the fruits of their search.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED